# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Areece Manley, | Civil No. 04-1096 (DWF/SRN) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| Lynn Dingle, | |
| Respondent. | |

Areece Devon Manley, *Pro Se*, Petitioner.

Thomas R. Ragatz, Assistant Ramsey County Attorney, Ramsey County Attorney's Office, counsel for Defendant.

## INTRODUCTION

This matter is before the Court on Petitioner's self-styled submission entitled "Order Requesting Petition Reinstated." (Doc. No. 5.) Petitioner is asking the Court to "reinstate" his petition for a writ of habeas corpus under 28 U.S.C. § 2254. That petition was dismissed without prejudice by an order previously entered in this case on April 6, 2004. (Doc. No. 4.)

Giving Petitioner's current submission the benefit of liberal construction, the Court finds that is should be treated and entertained as a motion for Relief from a Judgment or Order, brought under Fed. R. Civ. P. 60(b). *See Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir. 2006) (Rule 60(b) "is available to habeas petitioners seeking to reopen previously dismissed petitions brought pursuant to 28 U.S.C. § 2254" in certain limited circumstances) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005)). However,

Plaintiff's request for relief from the order of dismissal in this case will be DENIED, for the reasons discussed below.

## BACKGROUND

A Minnesota state court jury found Petitioner found guilty of first-degree murder for killing his girlfriend in November 2000. He was sentenced to life in prison, and he is presently serving his sentence at the Minnesota Correctional Facility at Oak Park Heights, Minnesota.

Petitioner's conviction and sentence were upheld by the Minnesota Supreme Court on June 23, 2003. *State v. Manley*, 664 N.W.2d 275 (Minn. 2003). Petitioner commenced the present action on March 3, 2004, by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner apparently recognized, before he even filed this action, that his habeas petition could not be entertained on the merits, because it included some claims that had not yet been addressed in the state courts. *See* 28 U.S.C. § 2254(b) (barring federal courts from entertaining habeas corpus petitions that include claims that have not been previously adjudicated in the state courts). Therefore, Petitioner requested that this case be "held in abeyance," while he attempted to exhaust his state court remedies for those claims that had not been previously raised and decided in the state courts.

Magistrate Judge Susan Richard Nelson reviewed Petitioner's habeas corpus petition immediately after it was filed. She acknowledged Petitioner's request that the case be held in abeyance, but concluded that such relief was unavailable under then

2

applicable Eighth Circuit case law.[1] Therefore, in an order dated March 10, 2004, (Doc. No. 2), Magistrate Judge Nelson denied Petitioner's request to hold this action in abeyance. That order gave Petitioner 20 days to either voluntarily withdraw his petition, so that he could pursue his unexhausted claims in the state courts, or else file an amended habeas petition stating only his fully exhausted claims.

The Magistrate Judge's order pointed out that if Petitioner elected to dismiss his petition, and return to the state courts to exhaust his state court remedies, he would have to be mindful of the federal statute of limitations that applies to federal habeas corpus petitions–28 U.S.C. § 2244(d). The Magistrate Judge advised Petitioner that, with the benefit of the tolling provisions of § 2244(d)(2), he might have enough time to exhaust his state court remedies, and still file a new federal habeas corpus petition before the one-year limitations period expired. Petitioner was expressly cautioned, however, that if he dismissed his current petition, he would have to pursue his state court remedies promptly, and he would have to be very mindful of the federal statute of limitations.[2]

On March 31, 2004, Petitioner filed a notice of voluntary dismissal. (Doc. No. 3.) Based on that notice, the Court entered an order that formally dismissed this case, without prejudice, on April 6, 2004. (Doc. No. 4.) Petitioner did not file his current motion to

---

[1] After this case was dismissed, the Supreme Court modified the apposite Eighth Circuit case law, holding that federal district courts can stay federal habeas corpus proceedings while state prisoners exhaust their state court remedies, but only under certain narrowly prescribed circumstances. *Rhines v. Weber*, 544 U.S. 269 (2005).

[2] The order dated March 10, 2004, states (at p. 3) that if Petitioner should elect to dismiss this action and pursue his state court remedies, "he will undoubtedly have to watch the timing of his various state and federal proceedings very carefully, because he apparently does not have much time left on his one-year limitations period."

3

reinstate his habeas petition until June 26, 2009–more than five years after this case was dismissed.

In Petitioner's current motion, he states that "I have completed my post conviction relief 6-2-08[;] now I wish to proceed with my habeas corpus petition." Because this action was dismissed and closed by the Court's prior order of April 6, 2004, it is most reasonable to view Petitioner's current submission as a motion for Relief from a Judgment or Order brought under Fed. R. Civ. P. 60(b). Such relief, however, cannot be granted.

## DISCUSSION

Fed. R. Civ. P. 60(b) provides as follows:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding**.
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(c)(1) provides that:

> A motion under Rule 60(b) must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

The Court finds that Petitioner cannot be granted relief under Rule 60(b) for two elemental reasons. First, he has not identified any sustainable grounds for granting him relief under that Rule, and second, his request is untimely.

Petitioner has not cited any particular subsection of Rule 60(b) as the basis for his current request, and there is nothing in his motion papers which suggests that any of those subsections could be applicable here–except, perhaps, for the "catchall" provision of Rule 60(b)(6). Petitioner has not cited any "mistake, inadvertence, surprise, or excusable neglect" that could warrant relief under Rule 60(b)(1); he has not cited any newly discovered evidence that could warrant relief under Rule 60(b)(2); he has not alleged any fraud or misconduct by Respondent that could warrant relief under Rule 60(b)(3); he has not suggested that the prior dismissal order was "void" for any reason, and that relief is therefore available under Rule 60(b)(4); and he has not shown that the prior dismissal order "has been satisfied, released or discharged," or that there have been any other similar developments that could warrant relief under Rule 60(b)(5). Thus, Rule 60(b)(6) provides the only conceivable basis for granting Petitioner relief from the order that dismissed this case.

The Supreme Court has said that "a movant seeking relief under Rule 60(b)(6) . . . [must] "show 'extraordinary circumstances' justifying the reopening of a final judgment," and "[s]uch circumstances will rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535 (citation omitted). Petitioner has failed to identify any "extraordinary circumstances" that could warrant relief under Rule 60(b)(6) here.

Petitioner has alleged that he has "completed . . . post-conviction relief," but he has not explained why this case should be reopened based on that allegation. Nothing in

Magistrate Judge Nelson's prior order in this case suggested that Petitioner would be allowed to reopen this case upon completion of his state court remedies. Moreover, given the Magistrate Judge's cautionary remarks about the one-year statute of limitations, Petitioner knew, (or certainly should have known), that if he wanted to pursue federal habeas relief after exhausting his state post-conviction remedies, he could not simply "reopen" the present case, but rather, he would have to commence a new action. In any event, Petitioner's conclusory allegation that he has now completed his state court remedies does not, by itself, constitute an "extraordinary circumstance" that is sufficient reason to relieve him from the order that dismissed this action.

Petitioner also claims that he "had a lawyer who left me stuck and ran off with my money and no knowledge of the law." However, he has failed to explain why this alleged circumstance entitles him to relief from the order of dismissal in this case. The dismissal order was entered pursuant to <u>Petitioner's own pro se request</u> for voluntary dismissal, and Petitioner has made no attempt to explain why the problems he had with his lawyer should relieve him from <u>his own personal decision</u> to voluntarily dismiss this action.

In addition, it is now clearly too late to grant Petitioner relief under Rule 60(b)(6). Requests for such relief must be "made within a reasonable time," (Rule 60(c)(1)), and Petitioner has not met that requirement here. The order that he seeks to vacate was entered in April 2004, and Petitioner has failed to explain why he waited for more than five years before seeking relief from that order.

Petitioner evidently believes that he had to wait until he completed his state post-conviction proceedings before he could seek to set aside the order of dismissal in this case. However, the Court has already pointed out that Petitioner's alleged satisfaction of

the exhaustion requirement does not entitle him to relief from the dismissal order. Therefore, Petitioner's alleged satisfaction of the exhaustion requirement has no bearing on the timeliness of his current motion.  Furthermore, it appears that Petitioner completed his state post-conviction proceedings in June 2008, and he has made no effort to explain why he waited for another full year thereafter before filing his current submission.  Thus, the Court finds that Petitioner's request to reopen this action was not brought "within a reasonable time," as required by Fed. R. Civ. P. 60(c)(1).  For this additional reason, the Court concludes that Petitioner cannot be granted relief from the order that dismissed this case, pursuant to Rule 60(b)(6).

The denial of Petitioner's current motion will not, in and of itself, preclude Petitioner from filing a new habeas corpus petition.  Because the present case was dismissed "without prejudice," he can still file a new habeas petition in this District, without having to obtain a pre-authorization order from the Court of Appeals, pursuant to 28 U.S.C. § 2244(b)(3).  *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-45 (1998).

It may turn out that if Petitioner does commence a new federal habeas corpus action, that action will be barred by the one-year statute of limitations.  However, that issue is not before the Court at this time, and cannot properly be considered here. Moreover, the timeliness of any new habeas action that Petitioner might file hereafter has no bearing on the disposition of his present motion.  Even if the Court knew for certain that it is already too late for Petitioner to initiate a new federal habeas corpus case, that circumstance would not justify setting aside the order of dismissal in the present case.  As discussed above, Petitioner was told to be mindful of how the one-year statute of limitations might affect any new application for federal habeas corpus relief that he might

attempt to bring. If he has failed to heed that warning, he cannot avoid the consequences of his neglect, by attempting to reopen the present case and reinstate his original petition.[3]

## CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

Petitioner's pending request to "reinstate" his habeas corpus petition, (Doc. No. 5), is construed to be a Motion for Relief From Judgment pursuant to Fed. R. Civ. P. 60(b), and that motion is **DENIED**.

Dated: July 20, 2009
        s/Donovan W. Frank
        DONOVAN W. FRANK
        United States District Judge

---

[3] In *Arrieta*, *supra*, the Tenth Circuit Court of Appeals said that "[a] litigant who moves to voluntarily dismiss an action that cannot be refiled due to the expiration of the statute of limitations has committed a mistake." 461 F.3d at 865. The Court held that a litigant who has committed such a "mistake" cannot be granted relief under Rule 60(b)(1), if his motion for relief is filed more than a year after the case was dismissed. *Id.* Here, Petitioner's current motion was not filed until more than five years after this action was dismissed. Therefore, even if Petitioner were to argue that he made a "mistake" when he asked to have this case voluntarily dismissed, it is now too late to excuse him from that mistake under Rule 60(b)(1).